878 F.2d 1445
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TISOFT, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1005.
 United States Court of Appeals, Federal Circuit.
 May 25, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Tisoft, Inc. (Tisoft) appeals the decision of the General Services Administration Board of Contract Appeals (board), GSBCA No. 9438-P (May 26, 1988), holding that the "in current production" requirement of an automated data processing request for proposals was met by the winning bidder, Digital Equipment Corporation (DEC), on certain products. Tisoft also asserts that the board abused its discretion when it prohibited Tisoft's counsel from disclosing to its client descriptions of DEC's product and unfairly prejudiced Tisoft by delaying access to DEC's product descriptions until nine days before the board hearing. We affirm.
 
 Background
 
 2
 The Veterans Administration issued a request for proposals to enhance its decentralized hospital computer systems. Provision C.1.2.1 concerning hardware requirements stated: "The date of manufacture for each major component shall be after 1/1/85 and the proposed system shall be in current production." Provision C.6 concerning availability of equipment and software read: "The equipment and software proposed in response to this Solicitation Document must be in current production on or before the closing date of this solicitation...."
 
 
 3
 After the Veterans Administration awarded the contract to DEC, Tisoft protested the award to the board. Tisoft argued that the closing date of the solicitation was June 22, 1987, and that DEC's products were not in current production by that date. The board disagreed.
 
 OPINION
 
 4
 Tisoft brings this appeal pursuant to the Contract Disputes Act of 1978, 41 U.S.C. Sec. 607(g)(1)(A) (1982) and 40 U.S.C. Sec. 759(f)(6)(A) (Supp. V 1987). While we may freely review the board's conclusions of law, under the Act our review of the board's findings of fact is limited to a determination whether those findings are arbitrary, capricious, based on less than substantial evidence, or rendered in bad faith. American Electronic Laboratories, Inc. v. United States, 774 F.2d 1110, 1112 (Fed.Cir.1985). In this appeal, we are concerned with whether the board's findings relating to "in current production" and the closing date of the solicitation are supported by substantial evidence. However, because contract interpretation is a question of law, the board's interpretation of the phrase "in current production" is not final, "although it is afforded careful consideration and great respect." Alvin, Ltd. v. United States Postal Service, 816 F.2d 1562, 1564 (Fed.Cir.1987).
 
 
 5
 "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).' (Citations omitted.)" United States v. General Electric Corp., 727 F.2d 1567, 1572 (Fed.Cir.1984).
 
 
 6
 The board found that assembly-line manufacture and testing by DEC had begun in advance of June 22, 1987, the earliest arguable closing date of the solicitation, and DEC had produced approximately 38 non-revenue producing units of the disputed hardware products prior to that date. Although these units were non-revenue producing, the production process for non-revenue and revenue producing hardware was the same. In addition, the manager of DEC's Digital Standard MUMPS Project group testified that the software required by the contract had been shipped for use on licensed processors by June 22, 1987. Accordingly, we determine that the board's findings relating to current production are supported by substantial evidence.
 
 
 7
 Tisoft argues that the board committed reversible error when it failed to interpret the phrase, "in current production," as necessarily implying that DEC's products had to be commercially available. However, commercial availability is a requirement included in some solicitations but is an additional requirement not called for by the plain language of this solicitation. See George Hyman Construction Co. v. United States, 832 F.2d 574, 579 (Fed.Cir.1987) (provisions of an unambiguous contract given their plain and ordinary meaning). Tisoft has not provided any reasonable justification for why the requirement for products "in current production" must mean that the products also have to be commercially available. In this regard, we note that a seller could implement an assembly-line manufacturing operation to sell a product to only one specific buyer, e.g., the government, with no intention of making the product available to the general public. We therefore conclude that the board's determination that "in current production" means only that the item must have been out of the design phase and into assembly line production, as DEC's products were, was correct as a matter of law.
 
 
 8
 Tisoft also asserts that the board abused its discretion when it denied Tisoft's counsel's request to disclose to Tisoft parts of DEC's technical proposal which were covered by a protective order. However, under the protective order Tisoft's counsel and outside experts were given the information in dispute. In addition, Tisoft asserts that the board's decision to withhold access to documents from Tisoft until nine days before the hearing unfairly prejudiced Tisoft. However, "[a]ny error must be harmful." Newell Companies, Inc. v. Kenney Manufacturing Co., 864 F.2d 757, 765 (Fed.Cir.1988). "Procedural errors that do not unfairly affect the outcome are to be ignored." Id. Tisoft must do more than assert prejudice from inadequate trial preparation due to the disclosure limitations in the protective order or due to the shortness of time. Indeed, Tisoft must demonstrate prejudice by pointing to evidence that would have been introduced if, for example, it had had the additional statutory time to prepare its case. It has not.
 
 
 9
 Accordingly, we affirm.